[No. 34812. Department Two. April 2, 1959.]

JAMES GREENWOOD et al., *Respondents,* v. CHARLES A. BOGUE et al., *Appellants.*[1]

*Horace G. Geer,* for appellants.

*Stuart K. Nielsen,* for respondents.

HILL, J.—This is an appeal from an order granting the plaintiffs a new trial after a jury verdict for the defendants in an action for damages arising out of an intersection collision.

[1] Reported in 337 P. (2d) 708.

The order must be vacated, and the verdict of the jury reinstated for either, or both, of two reasons.

1. The order granting a new trial does not comply with general rule of the superior court 16, as amended January 2, 1951, and July 1, 1954, which now reads in part as follows:

"In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing."

The reasons for the added requirement that "definite reasons of law and facts" be given by the trial court for the granting of a new trial are set forth at length in *Coppo v. Van Wieringen* (1950), 36 Wn. (2d) 120, 217 P. (2d) 294. In that case, which preceded the 1951 amendment adding this requirement, we pointed out at pages 141, 142, that we had

". . . placed ourselves in a position where we must, in line with our decisions, affirm orders granting new trials when such orders state:

"(A) That substantial justice has not been done;

"(B) That the evidence is not sufficient to sustain the verdict, or that the verdict is against the weight of the evidence;

"(C) That the damages awarded are either inadequate or excessive;

"(D) No ground or reason therefor:
except where there is no case for the jury or no evidence to support a verdict other than the one rendered."

The only reason given by the trial court in this case for granting the plaintiffs' motion for a new trial was in these words:

". . . the Court having heard the argument of counsel and having examined the records and files for his notes and finding there was no evidence to justify a verdict except on behalf of the plaintiffs,"

This is (B) *supra.*

We had thought, for the reasons indicated in *Coppo v. Van Wieringen, supra,* and also in the following cases which construe the quoted portion of general rule of the superior court 16, that it was **clear that the conclusion of**

a trial court as stated in (A), (B), (C), and (D), *supra*, did not constitute a definite reason within the purview of the quoted rule. *Follis v. Brinkman* (1957), 51 Wn. (2d) 310, 317 P. (2d) 1061; *Johnson v. Department of Labor & Industries* (1955), 46 Wn. (2d) 463, 281 P. (2d) 994; *Johnson v. Howard* (1954), 45 Wn. (2d) 433, 275 P. (2d) 736; *Mulka v. Keyes* (1952), 41 Wn. (2d) 427, 249 P. (2d) 972.

While these cases have dealt with grounds (A) and (C), as referred to in the *Coppo* case, and have indicated the necessity of definite reasons to support such grounds, we have heretofore had no occasion to spell it out with reference to ground (B).

■ We now point out that the statement in the order granting a new trial, that "there was no evidence to justify a verdict except on behalf of the plaintiffs," is of no assistance to an appellate court. It amounts to no more than an invitation to search the record, with no indication as to wherein the trial court considered the defendants' case deficient.

It is our view that such a statement, in an order granting a new trial, does not constitute a definite reason of "law and facts" within the purview of general rule of the superior court 16, as now amended; nor do we agree with the appellants that *Nelson v. Martinson* (1958), 52 Wn. (2d) 684, 328 P. (2d) 703, holds otherwise.

2. There was ample evidence to sustain the verdict of the jury.

The *locus* of the automobile collision with which we are concerned is the intersection of two county roads in Pierce county. The Spiketon road is gravelled and runs north and south; it is intersected by the Anderson road (little more than a lane), which runs east and west; vision at the northeast corner of the intersection is obstructed.

The plaintiffs were travelling south on Spiketon road, approaching the intersection, as defendant Mary Bogue— travelling west on Anderson road and approaching the intersection from the east—attempted a right turn (to the north) onto the Spiketon road. In making this turn, the left fronts of the cars collided.

The jury was clearly warranted in finding that the injured plaintiffs were engaged in a joint venture, and that plaintiff Jean Greenwood, who was driving, was contributorily negligent in not driving on her right side of the road as required by RCW 46.60.010. See *Zahler v. Dittmer* (1957), 50 Wn. (2d) 32, 308 P. (2d) 689, where the parties occupied comparable positions, and a judgment for the plaintiff was reversed.

■ The plaintiffs' argument, in support of the order granting a new trial, seems to be that even if half of the Greenwood car was on the wrong side of the road, the arc of the turn the Bogue car was making was such that the next fraction of a second would have brought it over onto the plaintiffs' side of the road, and a collision would have occurred even had the Greenwood car been entirely on its own side of the road; and it being astraddle of the center line would, therefore, not have been a proximate cause of the collision. That was likewise the contention of the plaintiff in *Zahler v. Dittmer, supra.*

The answer, given in that case, is likewise applicable here. Whether the Bogue car would have ultimately gone onto the plaintiffs' side of the road is a matter of speculation; and what the consequences and result of an entirely different collision would be, if it had occurred, is likewise speculative. The jury was, as we have indicated, warranted in finding that the negligence of plaintiff Jean Greenwood, in driving on the wrong side of the road, was a proximate cause of the collision which did occur. No cases are cited to support the plaintiffs' theory of liability based on prospective negligence.

We have accepted the invitation to read the record in this case, and have gone into the merits only because there was some feeling that we had not heretofore made it clear that a statement that "the evidence is not sufficient to sustain the verdict," does not comply with the requirement of general rule of the superior court 16, as amended, that an order granting a motion for a new trial give "definite reasons of law and facts for so doing."

The order granting a new trial is vacated; and the trial court directed to reinstate the verdict of the jury, and enter a judgment thereon.

WEAVER, C. J., MALLERY, FINLEY, and FOSTER, JJ., concur.

June 29, 1959. Petition for rehearing denied.