NATIONAL PACIFIC INSURANCE COMPANY
and GAU'ULA FAIAIPA'U, Appellants

v.

VA'AI OTO, a minor, by and through her
Guardian ad litem, SIAKI OTO, Appellee

High Court of American Samoa
Appellate Division

AP. NO. 33-85

October 31, 1986

Before REES, Chief Justice, GARDNER*, Acting
Associate Justice, KENNEDY**, Acting Associate
Justice, TAUANU'U, Chief Associate Judge, and
AFUOLA, Associate Judge.

Counsel: For the Appellants, Roy J.D. Hall Jr.
For the Appellees, Roger Hazell

Per GARDNER, J.:

Again we face a contention that the evidence
before the trial court is insufficient to support
the judgment. With conflicting testimony it is
rather obvious that the trial court believed the
witnesses favoring the appellee and disbelieved
those favoring the appellant. This is the
prerogative of the trial court which saw and heard
the witnesses. We did not. We review on the basis
of a written transcript of the testimony.

A written transcript is but a pallid
reflection of what actually happened in court. It
does not and cannot reflect demeanor, attitude,
intonation, expression, inflection or personality.
As Judge Jerome Frank said, while writing for the
awesome court of Judge Learned Hand, Judge Augustus
Hand and himself, a transcript resembles a "pressed

flower." Then, in a flight of borrowed rhetoric, he further wrote, "The best and most accurate record is like a dehydrated peach; it has neither the substance nor the flavor of the fruit before it was dried." Broadcast Music Inc. v. Havana Madrid Restaurant Corp., 175 F.2d 77, 80 (2d Cir. 1949).

Another judicial author of considerably less distinction once wrote, "On the cold record a witness may be clear. Concise, direct, unimpeached, uncontradicted -- but on a face to face evaluation so exude insincerity as to render his credibility factor nil. Another witness may fumble, bumble, be uncertain, unsure, contradict himself and on the basis of a written transcript be hardly worthy of belief. But, one who sees, hears and observes him may be convinced of his honesty, his integrity, his reliability." Meiner v. Ford Motor Company, 17 Cal. App. 3d 127, 140, 94 Cal. Rptr. 702, 711 (1971).

All of this is because at the trial level the judge may use all of his senses in the evaluation of a witness's testimony. He sees the witness. He hears the witness. He can, if he wishes, reach out and touch him. If he gets close enough he may even smell him and, given enough stress, might even bite him. But in the reviewing court all we have is a sterile page of questions and answers. To the trial judge a witness is alive -- he is a living, breathing, perspiring fellow human being. To us he is a shadow, reduced to an impersonal 8-1/2 x 11 page of transcript.

Here, if the evidence of the children involved is to be believed, and the trial judge did, a four year old child (who could hardly be guilty of contributory negligence in any degree) was struck by a vehicle which was on the wrong side of the road. The driver did not testify but her father, who was riding in the vehicle did and he testified to another version. This the trial court did not accept and that, to coin a phrase is that.

Appellant also attacks the award of $45,000. That sum seems modest enough for a mangled foot resulting in surgery with an ugly scar resulting. The child's toes have become contracted as a result of the child's growth combined with the inelasticity of the scarring process. Future surgery would improve the foot but would create a grafting scar on the other leg. The doctor estimatesd a 40% permanent partial disability to

95

the foot or a 15% disability to the limb. Need more be said?

Judgment affirmed.

---

* Honorable Robert Gardner, Chief Justice Emeritus, High Court of American Samoa, serving by designation of the Secretary of the Interior.

** Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.