[Civ. No. 24132.    First Dist., Div. One.    Mar. 25, 1968.]

WAYNE TAGNEY, a Minor, etc., et al., Plaintiffs and Respondents, v. EDGAR CHARLES HOY et al., Defendants and Appellants.

Hagar, Crosby & Rosson, Carlisle C. Crosby, Richard J. Heafey and Burton Mason for Defendants and Appellants.

James C. Purcell, Michael Riordan and Reginald R. Armando for Plaintiffs and Respondents.

SIMS, J.—Defendants have appealed from an order granting plaintiffs a new trial, following entry of judgment on a verdict in favor of defendants, in an action in which plaintiffs sought damages for personal injuries on account of the alleged negligence of defendants.

Defendants' sole ground of appeal is the failure of the trial court to specify the reason or reasons for granting the new trial as required by the provisions of section 657 of the Code of Civil Procedure as amended in 1965 (Stats. 1965, ch. 1749, § 1, p. 3922). The order was made "upon the ground that the evidence was insufficient to justify the verdict." No reason

whatever was specified. ▮ Under the directive of *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 119 [65 Cal.Rptr. 315, 436 P.2d 315], there is no legal basis for reviewing the record on the ground of insufficiency of the evidence.

The statute further commands, "On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons; provided [there follows exceptions relating to certain grounds]." ▮ This language has been interpreted as follows: "In adjudicating an appeal from a new trial order predicated on [errors in law] or any ground other than insufficiency of the evidence or excessive or inadequate damages, the reviewing court is governed by the fourth paragraph of the 1965 amendments to section 657: codifying the common law rule in this respect (see *Kauffman* v. *Maier* (1892) 94 Cal. 269, 275-277 [29 P. 481, 18 L.R.A. 124], followed in many cases), the statute declares that on such an appeal 'the order shall be affirmed if it should have been granted upon *any* ground stated in the motion, *whether or not specified* in the order or specification of reasons' (italics added). This court observed in *Kauffman* that 'A contrary rule might work great injustice,' explaining (at pp. 276-277 of 94 Cal.) that 'A party has the right to move for a new trial upon any or all of the grounds permitted by the statute, and if the record on which his motion is based discloses more than one ground for which a new trial should be granted, the court cannot, by stating in its order that the motion is granted upon one ground only, and denied upon the others, deprive the other party of the right to a review by this court of the entire record. . . . If there be any grounds upon which its action can be upheld, the order will be sustained, *irrespective of the particular ground given by that court,* whether in an opinion or by a statement in the order itself.' (Italics added.)

"Under this rule we have deemed ourselves bound to affirm a new trial order upon an error in law which was not only not the ground specified by the trial judge, but was apparently not even within his contemplation at the time of his ruling. (*Malkasian* v. *Irwin* (1964) 61 Cal.2d 738, 745-749 [40 Cal. Rptr. 78, 294 P.2d 822].) ▮ It follows that a failure of the trial judge to specify *any* ground—and *a fortiori* any reason for a ground actually stated—cannot be held to render the order void from its inception. The reviewing court remains under an express statutory duty to affirm such an

order if the record will support any ground listed in the motion." (*Treber* v. *Superior Court* (1968) 68 Cal.2d 128, 133-134 [65 Cal.Rptr. 330, 436 P.2d 330], fn. omitted.)

The court concluded as follows: "In conclusion; the first paragraph of the 1965 amendments to section 657 places on the trial courts a clear and unmistakable duty to furnish a timely specification of both their grounds and their reasons for granting a new trial, and we expect that such duty will be faithfully discharged. But in the event of inadequate specification in either respect, the fourth paragraph of the amendments nevertheless requires that the new trial order be affirmed on appeal if it should have been granted on any ground stated in the motion, except insufficiency of the evidence or excessive or inadequate damages." (*Id.*, pp. 136-137.)

Examination of the motion pursuant to this mandate reveals that it states the following additional ground: "The verdict is against the law."

"The phrase 'against law' used in section 657 of the Code of Civil Procedure as one of the causes for granting a new trial is not entirely clear. (*Mosekian* v. *Ginsberg*, 122 Cal. App. 774, 776 [10 P.2d 525].) In a general sense a decision is 'against law' if there is any valid legal cause whatsoever for a new trial. The statute, however, in authorizing the granting of a new trial on the ground that the decision is "against law" does not include in that phrase all, or any, of the other several distinct and separate causes of the motion which are specified in section 657. (*Brumagim* v. *Bradshaw*, 39 Cal. 24, 35.) The statute makes the cause that the decision is 'against law' a distinct cause of a motion for a new trial. It is nonetheless a distinct cause because of the circumstance that it is found in the same subdivision of the section as another cause of a motion, the 'insufficiency of the evidence' to justify the decision. The two are stated in the disjunctive. They are alternatives. They are objections of an entirely different order." (*Renfer* v. *Skaggs* (1950) 96 Cal.App.2d 380, 382-383 [215 P.2d 487].)

In *Kralyevich* v. *Magrini* (1959) 172 Cal.App.2d 784 [342 P.2d 903], this court observed: "The notice of motion in the instant case set forth two grounds: (1) insufficiency of the evidence, and (2) that the verdict is against law. The latter ground is of very limited application. ■ A decision can be said to be 'against law' only: (1) where there is a failure to find on a material issue; (2) where the findings are irrec-

oncilable; and (3) where the evidence is insufficient in law and without conflict in any material point. (*Renfer* v. *Skaggs,* 96 Cal.App.2d 380 [215 P.2d 487]; *Townsend* v. *Gonzalez,* 150 Cal.App.2d 241 [309 P.2d 878]; *Williams* v. *Fairview Hospital Assn.,* [fn. omitted] (Cal.App.) 332 P.2d 791; *Bray* v. *Rosen,* 167 Cal.App.2d 680, *supra* [335 P.2d 137].) ▌ When a general verdict only is returned it can be said to be 'against law' only when it is unsupported by any substantial evidence, i.e., when the entire evidence is such as would justify a directed verdict against the party in whose favor the verdict is returned. '[T]he words "against law" do not import a situation in which the court weighs conflicting evidence and merely finds a balance against the judgment.' (*Bray* v. *Rosen,* 167 Cal.App.2d 680, *supra.*)" (172 Cal.App.2d at p. 789. See in addition to the cited cases, *Thompson* v. *Guyer-Hays* (1962) 207 Cal.App.2d 366, 374-375 [24 Cal.Rptr. 461]; *Opp* v. *Sykes* (1961) 194 Cal.App.2d 208, 211 [15 Cal.Rptr. 1]; and note comment *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 115.)

▌ From the foregoing it appears to be the duty of this court to determine whether the order granting the new trial may be sustained because there was no substantial evidence to support a verdict for the defendant, or conversely, because a verdict should have been directed for plaintiff. (See *Thompson* v. *Guyer-Hays, supra,* 207 Cal.App.2d 366, 375; and *Kralyevich* v. *Magrini, supra,* 172 Cal.App.2d 784, 789.) This task is impossible of attainment because the appeal has been taken on the clerk's transcript alone.

The question which presents itself is: Should the successful movant who wants to support the order have the burden of sustaining it on grounds not stated by the lower court? In *Mercer* v. *Perez, supra,* the court stated: "The second purpose of this requirement [the specification of reasons] is to make the right to appeal from the order more meaningful. While the rarity of reversals is doubtless due to the circumstance that discretion is not often abused, it must be recognized that under the prior law an appellant challenging an order granting a new trial tended to have great difficulty in presenting his case. It often occurred, for example, that the notice of motion was predicated on all or most of the statutory grounds, and the subsequent order specified neither the ground or grounds found applicable nor the reasons therefor; in that event, the appellant was left in the dark as to which aspect of the trial to defend, and quite understandably struck

out blindly in several directions at once. This process, however, was not likely to illuminate the reviewing court, which remained equally uninformed of the basis on which the trial .judge acted.'' (68 Cal.2d at p. 113.) In view of this purpose there should be no hesitancy in placing the burden on the respondent to furnish a record and argument to support the order granting the new trial on any grounds not set forth in the order. (See *Greer* v. *Freitas* (1944) 66 Cal.App.2d 335, 337 [152 P.2d 15] ; and *Phillips* v. *Wheeler* (1921) 55 Cal. App. 236, 237-238 [156 P. 469].)

Respondents did not file a cross-appeal from the judgment. (See Cal. Rules of Court, rule 3 (a) (2) ; 3 Witkin, Cal. Procedure (1954), Attack on Judgment etc., § 44, p. 2096; *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 109 and 124, et seq.) Nor did the respondents exercise their prerogative to secure a more extensive record. (See Cal. Rules of Court, rules 4 (b) and 5 (b).) Under these circumstances there is no way to consider the other ''ground stated in the motion.'' Since the court cannot evaluate whether the other ground would uphold the ruling, the record does not support the order and it must be reversed. (See *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 119 ; and *Opp* v. *Sykes, supra,* 194 Cal.App.2d 208, 217.)

The order granting plaintiff's motion for a new trial is reversed.

Molinari, P. J., and Elkington, J., concurred.