[Civ. No. 32814.   Second Dist., Div. Three.   Apr. 21, 1969.]

EVA GASKILL, Plaintiff and Appellant, v. PACIFIC HOSPITAL OF LONG BEACH et al., Defendants and Respondents.

Richard M. Hawkins for Plaintiff and Appellant.

Hugh B. Rotchford and Lawrence O. de Coster for Defendants and Respondents.

SHINN, J.*—Eva Gaskill, plaintiff and appellant herein, brought an action for damages for personal injuries alleging negligence and medical malpractice. Judgment was entered pursuant to a jury verdict against defendant Pacific Hospital of Long Beach in the sum of $25,000, and against defendant Rufus A. Davis, M.D. in the amount of $15,000. The defendants moved for a new trial which was granted. Plaintiff

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

appeals from the order. The appeal is upon a clerk's transcript with no other record of the trial proceedings.

Briefly stated the grounds of the motion as stated in the notice were (1) irregularity in the proceedings, (2) abuse of discretion of the court. (3) misconduct of the jury, (4) accident and surprise, (5) newly discovered evidence, (6) excessive damages, (7) insufficiency of the evidence, (8) the judgment is against law, and (9) error in law occurring in the trial. The order appealed from stated that the motion was granted ". . . on grounds 3, 7, 8 and 9 stated in the Notice of Motion, and for the reason that each of these is well founded in law and fact."

Procedure on motion for a new trial is found in sections 657, 658 and 659 of the Code of Civil Procedure. Prior to 1965 the court in granting a new trial was not required to state any ground for the order. In 1965 section 657 was amended to read in part: "When a new trial is granted on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated."

The sole ground of the appeal is that the court's statement of its reason for the order was meaningless as a statement of reasons required by section 657, therefore, the order was invalid and provided no basis for granting a new trial.

The statement that the grounds specified were well founded in law and fact was merely the conclusion of the court that the order was a good one with no reason stated as to why it was believed to be good. It was clearly insufficient as an effort to comply with the mandatory requirements of section 657 as amended in 1965. (*Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal. Rptr. 315, 436 P.2d 315] ; *Tagney* v. *Hoy,* 260 Cal.App.2d 372 [67 Cal.Rptr. 261].)

We have concluded that the order must be reversed for the reason that the clerk's transcript discloses no valid basis for granting a new trial.

The order was not void. (*Treber* v. *Superior Court,* 68 Cal. 2d 128 [65 Cal.Rptr. 330, 436 P.2d 330].) Section 657, as amended in 1965, also provided: "On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons;" (except insufficiency of the evidence).

In their brief respondents do not contend that the record

shows the existence of any of the grounds for a new trial that are stated in their notice of motion. They say the existence of such grounds will be presumed. Therefore it is necessary that we point out the grounds of the motion that must be entirely eliminated from consideration. Even under respondents' theory, grounds 1 to 5 inclusive in their notice must be disregarded. Under sections 658 and 659, Code of Civil Procedure, these grounds must be based upon affidavits or the minutes of the court. Respondents filed no affidavit and we find nothing in the clerk's transcript to support an order for a new trial based upon the minutes of the court.

The grounds of insufficiency of the evidence and excessive damages must be disregarded for failure of the court to state any reason for basing the order upon either of those grounds. Section 657, as amended in 1965, provided: ". . . on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons. . . ."

Thus there are left only the grounds that the verdict is against law and error in law, as support for the order. A decision or verdict is said to be against law when (1) there was a failure to find on a material issue, (2) when the findings are irreconcilable, or (3) when the evidence is insufficient to support the decision or verdict (*San Francisco Bay Area Rapid Transit Dist.* v. *McKeegan,* 265 Cal.App.2d 263, 272-273 [71 Cal.Rptr. 204]; *Brooks* v. *Harootunian,* 261 Cal.App.2d 680, 685-686 [68 Cal.Rptr. 347]; *Tagney* v. *Hoy, supra,* 260 Cal.App.2d 372, 375-376; *Kralyevich* v. *Magrini,* 172 Cal.App. 2d 784 [342 P.2d 903]), and this ground, where relied upon requires the reviewing court to make an examination of the evidence in the trial to determine whether the verdict or other decision had substantial support in the evidence. (*Tagney* v. *Hoy, supra,* 260 Cal.App.2d 372.)

The same is true with respect to error in law. It is impossible for this court to determine whether either of these two grounds existed without a reporter's transcript of the trial proceedings.

Appellant contends that in order for respondents to claim there was some ground for affirmance which could be shown by a reporter's transcript, it was necessary for them to pro-

vide one. Respondents' position is that all the presumptions are in favor of the validity of the order, citing *Yarrow* v. *State of California*, 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687], and other cases to the same effect. They contend that since the order must be affirmed if any ground stated in the motion existed, it was incumbent upon appellant to furnish a record which would show that no ground existed; that since the grounds that the verdict is against law and error in law could not be shown to be nonexistent without a transcript of the trial proceedings, appellant has failed to furnish a record that would show whether the order was in error. A consideration of the objectives of the 1965 amendment and the reasons for it, as they have been explained in the decisions, compels us to disagree with the contentions of respondents.

Prior to the 1965 amendment, when the court was not required to state any ground for granting a new trial, one appealing from the order was confronted with the presumption that the order was valid, and he could overcome that presumption only by furnishing a record which would show that no valid ground existed for the order.

The court fully explained in *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 113, that it was the purpose of the amendment to eliminate the burdens and difficulties of an appellant under the existing procedure. Further, the court said in *Mercer* that when the order specified neither grounds nor reasons "the appellant was left in the dark as to which aspect of the trial to defend, and quite understandingly struck out blindly in several directions at once." It was the purpose of the amendment to require the court to make an order that would not leave an appellant in the dark but would inform him as to which aspect of the trial he had to defend. It would not suffice to merely require a statement of the grounds of the order; a statement of the reasons would be required to give the appellant the information he would need in order to prepare a record and argument on appeal. It was not provided that the reasons stated were the only ones that could be considered on the appeal except where the ground stated was insufficiency of the evidence or excessive damages, but the reason for this was that the court could not by stating a single ground or reason deprive the prevailing party of his right to a new trial if it should have been granted on any ground. (*Kauffman* v. *Maier*, 94 Cal. 269 [29 P. 481, 18 L.R.A. 124].)

If, as respondents contend, appellant were required to furnish a complete record which would show whether any ground

whatever for the order existed, she would be in the position of an appellant under the former procedure of having to furnish a complete record of the trial to counter the presumption of validity. Clearly, she had no such duty under the present procedure.

In *Tagney* v. *Hoy, supra,* 260 Cal.App.2d 372, the court was considering an appeal from an order granting a new trial in which the only ground stated was "that the evidence was insufficient to justify the verdict." No reason whatever was specified. The motion also stated as a ground that the verdict was against law, and it was urged that the order was sustainable upon this ground. The court regarded the ground "against law" as distinct from "insufficiency of the evidence," and as a ground which required the court to make an examination of the record to determine whether it contained any substantial evidence to support the verdict. After quoting pertinent statements of the court in *Mercer* v. *Perez, supra,* 68 Cal.2d 104, the court said: "In view of this purpose [to render the procedure less burdensome on an appellant] there should be no hesitancy in placing the burden on the respondent to furnish a record and argument to support the order granting the new trial on any grounds not set forth in the order. . . . Under these circumstances there is no way to consider the other 'grounds stated in the motion.' Since the court cannot evaluate whether the other ground would uphold the ruling, the record does not support the order and it must be reversed."

We believe the reasoning and conclusion of the court are applicable to the facts of the present case. All the grounds specified in the motion are eliminated from consideration except that the verdict is against law and error in the trial. No sufficient reason was given why the verdict is against law nor was there a statement of the error in law, if any, the court had in mind. Appellant could not have been required to furnish a reporter's transcript without depriving her of the specific benefit conferred by the 1965 amendment of section 657, namely, the right to be told the court's reasons for the order.

We believe that when the court does not specify any reason, or specifies only a clearly inadequate reason for granting a new trial, the order is invalid and ineffectual as a basis for a new trial, even if the order states the grounds adopted by the court. Respondents do not contend that the order was valid as to the ground specified therein. As previously stated, they

contend that every such order, with or without the statement of grounds or reasons, requires an appellant to furnish on appeal a complete record of the trial. They rely upon the presumption of the validity of procedure that obtained under the former practice and thus attribute no meaning to the new procedure.

We hold that when the court states a ground or grounds for ordering a new trial but states no reason or a wholly insufficient reason for adopting the ground, the order must fail of validity unless the record on appeal shows the existence of some valid ground for a new trial which is stated in the motion. We also hold that in the present case a proper application of amended section 657 places the burden upon the respondents to furnish a reporter's transcript and that without a transcript we are forced to the conclusion that no valid ground for the order existed.

We realize that the demands of the procedure place a heavy burden upon the respondents in the present case and that the same burden may fall upon other parties who are granted a new trial, but it is a burden that may easily be avoided. While section 657 places upon the judge the sole duty of composing his order, in practice, equal responsibility rests upon the party who is granted a new trial to assure himself that the order complies with the statutory procedure.

In the oral argument respondents assigned as error the giving of plaintiff's instruction: "If you should find that plaintiff is entitled to recover against [both defendants], you must deliver a verdict in one, single sum against [both] defendants [whom you find to be liable]." It was error to give the instruction, but the verdict was against the defendants severally in different amounts, and the error was harmless.

The order granting a new trial is reversed.

Moss, Acting P. J., and Schweitzer, J., concurred.