[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 680 
OPINION
Desiree Rae Lankster, a minor, sued Alpha Beta Company for damages for personal injuries. Alpha Beta won (by a vote of nine to three) and Desiree moved for a new trial on grounds of juror misconduct. Her motion was denied and she appealed, presenting us with a record sufficient to establish juror misconduct but insufficient to determine whether the misconduct was prejudicial. We hold that where, as here, an *Page 681 
error is presumptively prejudicial, the burden is on the respondent to ensure the record is sufficient to overcome the presumption. Since Alpha Beta did not meet its burden, we reverse.
 FACTS
Desiree was injured when her hand was caught in a turnstile at one of Alpha Beta's markets. Although the record does not include a copy of the complaint, it appears she sued Alpha Beta on a negligence theory, contending the turnstile was improperly installed (with a clearance below the two-inch industry standard). A jury found Alpha Beta was not negligent.
Desiree moved for a new trial, offering the declarations of four jurors. According to Desiree's uncontroverted evidence, Juror Consuelo Murray said, during deliberations, "I know you're not supposed to look, but I couldn't help but notice over the weekend that the clearance for turnstiles at different stores were all different. I saw a turnstile with just a finger width of clearance and others with less than two inches of clearance." Other jurors then chimed in that they too had observed different turnstile clearances during the trial. Juror Linda Reed said that, since they could not find all the stores liable, they could not find Alpha Beta liable. Juror Reed (joined by Juror James Drayton) also said that Alpha Beta could be liable only if it had actual knowledge of a dangerous condition, without regard to whether it had created the condition by negligent installation of the turnstile. (1) (See fn. 1.) Two of the jurors said they changed their votes from "negligent" to "not negligent" based in part on their acceptance of this interpretation of the notice requirement.[1]
Desiree's motion for a new trial was denied and this appeal followed. *Page 682 
 DISCUSSION A. (2a) Desiree contends Juror Murray's conduct constituted an improper independent investigation. We agree.[2]
(3) Jurors are not supposed to receive or communicate to fellow jurors information from sources outside the evidence presented in court. (Smith v. Covell (1980) 100 Cal.App.3d 947, 952 [161 Cal.Rptr. 377].) If they do, they are guilty of misconduct. (Kritzer v. Citron (1950) 101 Cal.App.2d 33, 36 [224 P.2d 808].)
(2b) Juror Murray's examination and measurement of turnstiles at other markets went beyond mere casual observation (Woebbe v.Sperry (1941) 48 Cal.App.2d 340, 344 [119 P.2d 743]) and her communication of her findings to the other jurors constituted misconduct. (Smith v. Covell, supra, 100 Cal.App.3d at p. 952 [juror's description of his own experience with a back injury constituted misconduct]; People v. Sutter (1982)134 Cal.App.3d 806, 817-820 [184 Cal.Rptr. 829] [juror's description of his drive by the crime scene constituted misconduct]; People
v. Southern Cal. Edison Co. (1976) 56 Cal.App.3d 593, 598 [128 Cal.Rptr. 697] [juror's description of her knowledge about whether a tree limb would catch fire from contact with a power line constituted misconduct]; Walter v. Ayvazian (1933)134 Cal.App. 360, 363-364 [25 P.2d 526] [juror's description of her phone call to her physician to ascertain that a blood pressure reading of 190 is dangerous constituted misconduct].)
 B.
A presumption of prejudice arises from our finding that juror misconduct occurred. (Hasson v. Ford Motor Co. (1982)32 Cal.3d 388, 417 [185 Cal.Rptr. 654, 650 P.2d 1171].)[3]
Accordingly, the question before us is whether that presumption has been rebutted by an affirmative evidentiary showing that prejudice does not exist because it is not reasonably probable that a result more favorable to Desiree would have been achieved in the absence of misconduct. (Id. at pp. 415-418; Young v.Brunicardi (1986) 187 Cal.App.3d 1344, 1348 [232 Cal.Rptr. 588] .) *Page 683 
The record before us is insufficient to rebut the presumption of prejudice, not because the evidence was weak but because no evidence has been presented. The record consists of copies of the verdict, the minute order and judgment reflecting the verdict, the papers filed in support of and in opposition to the motion for a new trial (the juror declarations and memoranda of points and authorities), the minute order reflecting denial of the new trial motion, Desiree's notice of appeal and her designation of the record on appeal. There is no reporter's transcript of the evidence presented at trial, nothing to indicate the length of the trial — in short, nothing to show whether there was prejudicial error.
(4) As a general rule, a trial court's decisions are presumptively correct and an appellant's claim of error must be supported by a record sufficient to overcome that presumption. (Null v. City of Los Angeles (1988) 206 Cal.App.3d 1528, 1532-1533 [254 Cal.Rptr. 492].) But where, as here, the error established by the appellant gives rise to a presumption of prejudice, the burden shifts to the respondent to overcome the presumption by presenting a record sufficient to sustain the trial court's decision. (Tagney v. Hoy (1968) 260 Cal.App.2d 372, 376-377 [67 Cal.Rptr. 261]; Gaskill v. Pacific Hosp. ofLong Beach (1969) 272 Cal.App.2d 128, 130-133 [77 Cal.Rptr. 373] .)
Tagney v. Hoy, supra, 260 Cal.App.2d 372, and Gaskill v.Pacific Hosp. of Long Beach, supra, 272 Cal.App.2d 128, are appeals from orders granting motions for new trials. (5) In our view, the rule must be the same where, as here, the appeal follows an order denying a motion for a new trial. In both situations, the issue on appeal is whether the trial court's order finds support in the record. If it does not, the order will be reversed, which is what the appellant is after. If it does, it will be affirmed, which is what the respondent wants and which explains why it ought to be the respondent who has the burden to ensure the sufficiency of the record.
(2c) Desiree met her burden on appeal by presenting a record sufficient to establish juror misconduct. With that done, she gained the benefit of the presumption of prejudice and, absent rebuttal of the presumption, the right to a reversal. The burden thereupon shifted to Alpha Beta to rebut the presumption by attacking the strength of the evidence of misconduct, the nature and seriousness of the misconduct, and the probability of actual prejudice. (Hasson v. Ford Motor Co., supra, 32 Cal.3d at p. 417.) The record before us does not help Alpha Beta. To the contrary, it presents uncontroverted evidence that serious misconduct occurred in what may have been a close case (as suggested by the nine to three verdict). That leaves only one avenue open to Alpha Beta — a showing that the evidence was so overwhelming that, *Page 684 
without the misconduct, it is more probable than not that the verdict would have been the same. On the record before us, Alpha Beta cannot make that argument.
(6) (See fn. 4.), 2d Faced with the inadequate record designated by Desiree, all Alpha Beta had to do was file a counterdesignation. (Cal. Rules of Court, rule 5(b).) But that it did not do, notwithstanding that it was on notice of the issue to be raised on appeal (Desiree appealed not only from the judgment but also purported to appeal from the nonappealable order (Leaf
v. City of San Mateo (1984) 150 Cal.App.3d 1184, 1187, fn. 2 [198 Cal.Rptr. 447]) denying her motion for a new trial).[4]
Having failed to provide a record sufficient to support its position, Alpha Beta will not now be heard to complain that the presumptively prejudicial error was harmless. (Tagney v. Hoy,supra, 260 Cal.App.2d at pp. 376-377; Gaskill v. PacificHosp. of Long Beach, supra, 272 Cal.App.2d at pp. 130-133.)[5]
 DISPOSITION
The judgment is reversed and the matter is remanded to the trial court for a new trial. Desiree Lankster is awarded her costs on appeal.
Spencer, P.J., and Masterson, J., concurred.
A petition for a rehearing was denied May 18, 1993.
[1] Declarations recounting statements, conduct or events "open to sight, hearing, and the other senses and thus subject to corroboration" are admissible to establish juror misconduct. Declarations submitted as proof of an individual juror's subjective reasoning processes, which can be neither corroborated nor disproved, are not. (In re Stankewitz (1985) 40 Cal.3d 391, 397-398 [220 Cal.Rptr. 382, 708 P.2d 1260]; People v.Hutchinson (1969) 71 Cal.2d 342, 349-350 [78 Cal.Rptr. 196,455 P.2d 132].) The declarations submitted by Desiree are therefore admissible to the extent they recount Murray's investigation and describe the erroneous statements of law by Reed and Drayton but inadmissible to the extent they purport to explain the jurors' subjective reasoning about why Alpha Beta could not be liable. Since Alpha Beta's opposition to the motion for a new trial did not include counterdeclarations, the facts presented by the admissible portions of Desiree's declarations are deemed established. (Tapia v. Barker (1984) 160 Cal.App.3d 761, 766 [206 Cal.Rptr. 803].)
[2] We therefore do not reach Desiree's claim that the erroneous statement of law by Jurors Reed and Drayton also requires reversal. (See In re Stankewitz, supra, 40 Cal.3d at p. 397.)
[3] "The presumption of prejudice is an evidentiary aid to those parties who are able to establish serious misconduct of a type likely to have had an effect on the verdict or which deprived the complaining party of thorough consideration of [her] case, yet who are unable to establish by a preponderance of the evidence that actual prejudice occurred." (Hasson v. FordMotor Co., supra, 32 Cal.3d at p. 416.)
[4] Our conclusion would be the same if the issue was first disclosed in the appellant's opening brief. When that happens, the respondent may move to augment an insufficient record to ensure its ability to show an absence of prejudice. (Russi v.Bank of America (1945) 69 Cal.App.2d 100, 102-103 [158 P.2d 252]; Cal. Rules of Court, rule 5(f); 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 455, subd. (d), pp. 447-448.)
[5] When we realized the record before us was wholly inadequate to rebut the presumption of prejudice, we asked the parties for supplemental briefs responding to the following question (which was followed by citations to some of the cases cited above): "Assuming there was jury misconduct, whose burden was it to present a record sufficient to show whether the misconduct was prejudicial?" Desiree responded with a motion to augment the record with the jury instructions given at trial. Alpha Beta, in turn, insisted the appellant always has the burden to do everything that has to be done on appeal. *Page 685